GEORGE D. BERRY, Respondent, *v.* THE UTICA BELT LINE STREET RAILWAY COMPANY, Appellant.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE IN BOARDING MOVING CAR NEAR OBSTRUCTION IN STREET. Where it is claimed in an action to recover for personal injuries that they were caused by the negligent act of a conductor in causing the speed of a slowly moving street car to be accelerated while plaintiff was attempting to board it so that he was thrown back against the end of a plank projecting from a barrier surrounding an

excavation in the street, whereby he was swept from the step of the car and thereby injured, and it appears that he was aware of the existence of the barrier prior to the date of the accident, and that at the time he attempted to board the car he stood in a well-lighted place and within three or four feet of the barrier, his contributory negligence is established as a matter of law and he cannot recover; since standing so near the barrier his act in attempting to enter the car while in motion must be regarded as highly negligent, even assuming that a bell was given the motorman to go ahead.

*Berry* v. *Utica Belt Line St. R. R. Co.,* 87 App. Div. 620, reversed.

(Argued March 8. 1905; decided April 11, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 12, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Warnick J. Kernan* for appellant.   There is no evidence that accelerating the motion of the car either caused or contributed to this accident.   (*Laidlaw* v. *Sage,* 158 N. Y. 73; *Fitzgerald* v. *N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 263; *Borden* v. *D., L. & W. R. R. Co.,* 131 N. Y. 671.)   Plaintiff, in attempting to board a moving car within two, three or four feet, or less, of a barrier in the street, was guilty of contributory negligence which should preclude a recovery in this action.   (*Moylan* v. *S. A. Ry. Co.,* 128 N. Y. 583; *Littman* v. *D. D., E. B. & B. R. R. Co.,* 6 Misc. Rep. 34; *Murphy* v. *N. A. R. R. Co.,* 6 Misc. Rep. 298; 149 N. Y. 609; *Craighead* v. *B. C. R. R. Co.,* 123 N. Y. 391.)

*P. H. Fitzgerald* for respondent.   The defendant in this case was derelict of duty in maintaining or allowing a barrier to remain within two, three or four inches of the side of the car when it accelerated or increased the speed of the car, while the plaintiff was entering the same and brought in contact therewith.   (*Berry* v. *U. B. L. S. R. R. Co.,* 76 App. Div. 490; *Tucker* v. *B. R. R. Co.,* 53 App. Div. 571;

169 N. Y. 589; *True* v. *N. G. R. R. Co.*, 70 App. Div. 383; 175 N. Y. 487; *Francis* v. *N. Y. S. Co.*, 114 N. Y. 380; *Henderson* v. *N. El. R. R. Co.*, 46 App. Div. 280; *Faris* v. *B. C. & N. R. R. Co.*, 46 App. Div. 231; *Wood* v. *B. C. R. R. Co.*, 5 App. Div. 492; *Hassen* v. *N. E. R. R. Co.*, 34 App. Div. 71; *Maher* v. *C. P., N. & E. R. R. R. Co.*, 67 N. Y. 52; *Akersloot* v. *S. A. R. R. Co.*, 131 N. Y. 600; *Wallace* v. *T. A. R. R. Co.*, 36 App. Div. 59.) The plaintiff was not guilty of negligence as a matter of law in boarding a slowly moving car. (*Eppendorf* v. *B. C. & N. R. R. Co.*, 69 N. Y. 195; *Sexton* v. *M. S. Ry. Co.*, 40 App. Div. 26.) The improper acceleration of the car when plaintiff was entering it was a proximate cause of the injury to plaintiff. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Larkin* v. *W. M. Co.*, 45 App. Div. 6; *Leeds* v. *N. Y. T. Co.*, 178 N. Y. 119.)

Bartlett, J. This is a negligence action, twice tried; the first trial resulted in a judgment of nonsuit, which was reversed by the Appellate Division, the learned court holding that the question of plaintiff's contributory negligence should have been submitted to the jury; at the second trial there was a judgment for the plaintiff, entered upon a verdict, which was affirmed by the Appellate Division, with a divided court, and the appeal therefrom is now before us.

Leah street is located in the southern portion of the city of Utica, and runs about east and west; Seymour avenue, upon which is located one part of the defendant's railroad, runs north and south, and intersects Leah street at right angles.

On August 21st, 1901, late in the evening, plaintiff came west on the south side of Leah street to Seymour avenue and waited for a north-bound car; as the car approached from the south the plaintiff signaled it and walked north on Seymour avenue until he was within about ten feet south of the north crosswalk, where he attempted to board the car, which was moving, according to his own testimony; "real slow, just about moving."

It is a conceded fact that there was an excavation on Leah

street immediately east of the defendant's track and about six feet south of the north crosswalk, and a barrier had been erected, running east and west, to warn travelers of the dangerous situation; this barrier is described as a horizontal plank or board set in a crotch, the board being twelve or fourteen feet long, from ten to twelve inches wide, three or four inches thick, and the west end of it two or three or four inches from the side of the car.

The plaintiff testified that he was possibly not more than ten feet from the north crosswalk when attempting to board the car, and " between the crosswalk and me was the barrier; I was facing along the sidewalk, up towards the car, and when the car came along I reached up and took hold of the car; put one foot on the step and started to get in the car; then I say the speed of the car was increased, and I was knocked off."

The plaintiff had previously testified that as he mounted the step and started to get in the car the bell was given to go on. On cross-examination the plaintiff stated: " I could not tell how far that barrier was away at the time I got on the car; I did not see it; possibly two or three or four feet, it may have been further, and it may not have been as far."

The plaintiff further testified as follows: " I stepped on the step and raised my foot to go on the car as I was struck by the plank projecting out, and thrown to the ground; before I was in I was struck and knocked to the ground by a plank lying in crotches; * * * It struck me on the right side (indicating), turned me around and threw me to the ground."

The occurrence at the instant of the accident is thus described by one of defendant's witnesses who was a passenger on the car: " I saw Berry (the plaintiff) when he first stepped on the steps of the car; he was partially standing on the step and one foot on the ground, and the car was moving; he also had his hand on the railing, which runs perpendicular with the end of the car. He might possibly have raised himself upon the step or put both feet upon the step. He stayed in that position a very small fraction of a minute, a very few

seconds; *   *   *   From the time I got my eyes upon Berry until he disappeared very suddenly it might probably be two seconds or so."

The plaintiff testified that at the time of the accident he did not observe this barrier, although standing within about four feet, more or less, of the same, but admits that he had observed it on a previous occasion.    He thus swears: "I saw it standing there.    I remember they were paving Leah street, and it was torn up, and this barrier was placed there so horses could not pass.    They were digging a trench there at the intersection of Leah street, and that is what the barrier was there for."    It was proved that there was an electric light at the corner of Leah street and Seymour avenue, and the plaintiff testified: "So far as I remember it was light there so I could see.    I do not remember whether the night was fair or not."    These extracts from the record, taken from that portion of the evidence most favorable to the plaintiff, disclose a situation that establishes the contributory negligence of the plaintiff as matter of law.

The theory of the plaintiff is that while he was attempting to enter, the signal was given by the conductor to go ahead, and that the sudden starting of the car threw him out against the barrier, thus causing his injuries.    When we consider that the plaintiff was standing within possibly two or three or four feet of the barrier, more or less, according to his own testimony, at the time he sought to board this moving car, and that he was swept from the step by contact with the end of the plank, extending to within two or three or four inches of the side of the car, within "two seconds or so," it is quite inconceivable that in this brief interval the speed of the car could have been so appreciably accelerated as to be regarded the proximate cause of the accident.    It was a highly negligent act on the part of the plaintiff, standing so near the barrier, to attempt entering the car, even assuming that a bell was given the motorman to go ahead.    It seems absolutely clear that the accident was due to this error of judgment on the part of the plaintiff.

The Appellate Division on the first appeal refers to the case of *Eppendorf* v. *Brooklyn C. & N. R. R. Co.* (69 N. Y. 195) as a controlling authority in plaintiff's favor. In the case cited it appears that the plaintiff attempted to board an open car when moving slowly. The opinion states: " He placed one foot upon the rail on the side, took hold of the end of one of the seats with his hand, and raised himself from the ground, but before he could place the other foot firmly upon the rail, the driver, while looking at him, and without any signal or notice from him, let go the brake, and thus started the car with a jerk. Plaintiff's foot slipped and got under the car and was run over and badly crushed. These facts appear mainly from plaintiff's evidence. They are contradicted by the evidence given on the part of the defendant. But that is not so overwhelming that it can be said that plaintiff's evidence was entirely destroyed, or that the jury was bound, as a matter of law, to disregard it. It was properly submitted to them and their finding for plaintiff establishes the facts above stated. * * * Ordinarily it is perfectly safe to get upon a street car moving slowly, and thousands of people do it every day with perfect safety. But there may be exceptional cases, when the car is moving rapidly, or when the person is infirm or clumsy, or is incumbered with children, packages or other hindrances, or when there are other unfavorable conditions, when it would be reckless to do so, and a court might, upon undisputed evidence, hold as matter of law, that there was negligence in doing so. But in most cases it must be a question for the jury. Here there was nothing exceptional, and no reason apparent why plaintiff might not, with prudence, have expected to enter the car with safety."

This case is a very clear authority in favor of the defendant; there were " unfavorable conditions " which should have admonished the plaintiff that it was an act of recklessness to attempt entering the car under the circumstances.

In *Moylan* v. *Second Avenue R. R. Co.* (128 N. Y. 583) the plaintiff was the sole witness to prove how the injuries were caused, and upon that point his evidence upon direct

examination was as follows : " I waited for the car ; I saw the car coming — an open car ; I waved my finger and heard the whistle blow to stop the car ; the car slacked ; I stepped on the crosswalk and waited for the car, but the car never stopped ; it nearly stopped ; I waited for the center of the car, and put my foot on the step and took hold of the stanchion, and I heard the whistle blow and the horses went faster — very fast, and I was struck by a truck the other side before I had time to go in the car ; the car started and the truck was in the street ; the portion of my body which was not in the car struck an empty truck to which horses were attached." Upon his cross-examination he testified as follows : " I struck the hub of the truck in about a second after the car started with me ; the car was moving at the time, but had nearly stopped ; I was struck about six or seven feet from the crossing where I got on." It appeared that the plaintiff was a young man, about twenty-six years of age, in good health, and, at the time of the accident, unincumbered.

Judge EARL, writing for the court, said : " Upon these facts we think the plaintiff should have been nonsuited. It is impossible for us to perceive wherein the defendant was guilty of negligence, or if it was guilty, wherein it was more guilty than the plaintiff. It was not careless for the plaintiff to attempt to enter the car while it was slowly moving. Thousands of young men get on and off street cars daily and are permitted to do so in perfect safety. No negligence can, therefore, be imputed to the defendant merely because it did not stop the car for the plaintiff. But for the truck in the street he would have entered the car in safety, and would have been uninjured. The sole question, therefore, is whether the defendant ought to have guarded the plaintiff against injury from the truck in the street near its track. It was not bound to know that the truck was temporarily there so close to its track that there was danger that a person attempting to get into one of its cars might be injured by collision therewith. There was no evidence that the driver or conductor of the car saw the truck or perceived the danger, and it does not even

appear that the conductor was in a position to see the truck. The plaintiff when he attempted to get upon the car was probably nearer the truck than the conductor was, and he had a better opportunity to see the truck than the conductor had, as it was on the same side of the car with him, near him, in plain sight, in fact in his immediate presence. If the conductor was careless in not seeing it he was more careless. If the conductor was bound to guard him against the danger, so he was also bound to care for himself. It was his duty to see for himself that there was no obstacle in his immediate presence outside of the car and the railway track which made it dangerous for him to attempt to enter the moving car."

The case at bar is much stronger against the plaintiff than the one last cited. The plaintiff was twenty-nine years of age and presumably in good health, and in possession of all his faculties. He was aware of the existence of this barrier prior to the date of the accident, and stood practically alongside of it, in a well-lighted place, when he attempted to board the moving car.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Judgment and order reversed, etc.